EVIDENCE

TWO COPIES OF MORTGAGE NOTE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1) ORIGINAL NATIONS TITLE COPY FROM KANSAS HEADQUARTERS.
NOTE: BATON ROUGE NATIONS TITLE CLOSED DOWN.
FROM: TARA SELLEY NATIONS LENDING SERVICES, 9801 LEGLER RD. LENEX, KS 66219 DEL. FED-X 3-29-2010

2) FROM 40TH JUDICIAL DISTRICT COURT DEPUTY CLERK MONICA R. JOSEPH ON MARCH 29, 2011

THE 40TH JD COURT CLERK COPY HAS BEEN COUNTERFEITED AND FORGED OVER WITH WET INK.

A) TAKE NOTICE THE LINES ON NATIONS TITLE COPY IS STRAIGHT AND DEFINED. AREA: NOTARY SIGNATURE, NOTARY PRINTED NAME, JASON FENGER, VICTORIA FENGER SIGNATURE. ON THE 40TH JD CLERKS COPY THEY ARE SKIPS BETWEEN LINES.

B) COMMISSION EXPIRES AT DEATH: IT HAS BEEN REWRITTEN ON 40TH JD COPY. TAKE NOTICE: NATIONS TITLE IS WRITTEN ON AN ANGLE ON NATION TITLE COPY. ON 40TH JD COPY IS STRAIGHT, LOOK AT THE WORD DEATH LINE UP WITH NOTARY ID NUMBER AND ALL LETTERS IN PHRASE.

C) RICHARD D. WHITNEY JR. HAS BEEN REWRITTEN, TAKE NOTICE TO EY ON WHITNEY.

D) JASON FENGER PRINT HAS BEEN REWRITTEN AND SIGNATURE HAS BEEN INK OVERED, VICTORIA FENGER PRINT HAS BEEN REWRITTEN, LOOK AT "V" IN VICTORIA, LOOK AT "G" ABOVE IT, LOOK AT "R" IN FENGER, HOW CLOSE IT IS TO THE "J" IN JAMIE.

E) NOTICE THE SIGNED AREA FOR JASON FERGER, ON THE NATIONS TITLE COPY THERE IS A CLEAR OPENING WHEN HE COMES AROUND WITH THE "R" ON FENGER.

ON THE COURT RECORD COPY, THE OPENING IS CLOSED WHERE ITS BEEN INKED OVER. ALSO MEASURE INK AREAS.

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

36. **Additional Waivers.** Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this 19th day of September 2006, in the presence of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_Victoria Ferger_
Victoria Ferger

_Jason Ferger_

_____ (Seal)
JAMIE P LABRANCHE           Borrower

_____ (Seal)
KIM MARTIN LABRANCHE        Borrower

_____ (Seal)
                            Borrower

_____ (Seal)
                            Borrower

Notary qualified in St Charles Parish, Louisiana
RICHARD D. WHITNEY, JR.
Notary Identification Number #06 2945
Commission expires at death

0086664414 - 9611
Page 15 of 15                09/19/2006 2:09:14 PM

400-15LA (05/2005)Rev.03

NATIONS TITLE  12

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

36. **Additional Waivers.** Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this __19th__ day of __September 2006__, in the presence
of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_Victoria Ferger_   _____ (Seal)
                    JAMIE P LABRANCHE           Borrower

_Jason Ferger_      _____ (Seal)
                    KIM MARTIN LABRANCHE        Borrower

                    _____ (Seal)
                                                Borrower

                    _____ (Seal)
                                                Borrower

Notary qualified in St Charles
Parish, Lousiana
RICHARD D. WHITNEY, JR
Notary Identification Number #06 2745
Commission expires at death

0086664414 - 9611
Page 15 of 15
09/19/2006 2:09:14 PM

400-15LA (05/2005)Rev.03

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE 3-29-11

COURT RECORD   13

CIVIL CASE NO: 11-617

INDEX
*******

PAGE 1,2,3, MOTION FOR SUMMARY JUDGMENT
PAGE 4,5,6, A SEPARATE AND CONCISE STATEMENT
PAGE 7, ORDER
PAGE 8, NOTICE OF HEARING
PAGE 9, CERTIFICATE OF SERVICE
PAGE 10,11, EVIDENCE TO VIEW FOR COUNTERFEIT MORTGAGE NOTE
PAGE 12, COPY OF NATIONS TITLE MORTGAGE NOTE
PAGE 13, COPY OF COUNTERFEIT MORTGAGE NOTE FROM COURT RECORD USED FOR STANDING

EVIDENCE DOCS
***************

PAGE 1, RESPA LETTER FROM SN,WILLIAM FOGLEMAN
PAGE 2, TRANSCRIPTS, WILLIAM FOGLEMAN,JAMIE LABRANCHE,AND KATIE KUBALA
PAGE 3,4,WILLIAM FOGLEMAN RESPA COPY OF UNRECORDED MORTGAGE NOTE
PAGE 5, RESPA ENVELOPE FROM WILLIAM FOGLEMAN
PAGE 6,FED-X PACKAGE OF CLOSING DOCS FROM NATIONS TITLE
PAGE 7,8, COPY OF RECORDED COUNTERFEIT MORTGAGE NOTE USED FOR STANDING
.PAGE 9,10, 226.23 RIGHT OF RESCISSION CODE OF FED. REG.
PAGE 11, HERSCHEL C. ADCOCK JR. LEGAL NOTICE LETTER DATED JULY 7, 2008
PAGE 12, FORMAL DEMAND TO RESCIND DATED AUGUST 3, 2008
PAGE 13,US MAIL CERTIFY RETURN RECEIPT SIGNED ON 8-5-2008 HERSCHEL ADCOCK JR. RECEIVING FORMAL DEMAND TO RESCIND.

EXHIBIT (E)

CASE 11-617
EVIDENCE



# SN SERVICING CORPORATION

3050 Westfork Drive
Baton Rouge, LA 70816
Phone: (225) 293-0095, (800) 439-6446
Fax: (716) 231-2500

February 26, 2010

Jamie P. LaBranche
2173 Carmel Valley Road Drive
LaPlace, LA. 70068

RE:   Jamie P. LaBranche
      2173 Carmel Valley Road Drive
      LaPlace, LA. 70068
      Account No. 234929

Dear Ms. LaBranche:

This letter is in response to your request made concerning information regarding your account. Your request was made pursuant to the Real Estate Settlement and Procedures Act (RESPA) and has been forwarded to SN Servicing Corporation as the servicer of the account. Please be advised that I represent SN Servicing Corporation and the information is provided as required by 12 U.S.C. 2605.

Copies of the following records are enclosed:

1. Promissory Note
2. Mortgage
3. Reinstatement Letter
4. The payment history, which reflects how the payments were applied.
5. The investor for the loan is Citigroup Global Markets Realty Corp.
6. Assignment of Mortgage
7. SN Servicing Corporation became the servicer for this account on May 30, 2009. The original loan file is held by the custodian for Citigroup Global Markets Realty Corp.

Sincerely,

*William A. Fogleman*
WILLIAM A. FOGLEMAN
Attorney At Law

N:\Legal\CARLINE\RESPA\LaBranche, Jamie 2.26.2010.doc

1

TRANSCRIPTS
(KATIE KUBALA) (JAMIE LABRANCHE)

JAMIE - I GOT A FILE IN, IT SAYS YOU ARE AN AUTHORIZE CITI PROPERTY HOLDING REPRESENTIVE

KATIE - OK

JAMIE - IS THAT CORRECT OR

KATIE - I ACTUALLY DON'T WORK FOR THEM I WORK FOR SN SERVICING CORP

FRIDAY NOV. 5
WILLIAM FOGLEMAN    JAMIE LABRANCHE

WILLIAM - ORIGINAL NOTE AND CERTIFY COPY OF MORTGAGE FILE WITH SUIT THATS WHAT REQUIRED WHEN YOU FILE SUIT LIKE THIS

WILLIAM - WHAT ELSE WOULD BE TALKING ABOUT

JAMIE - YOU KNOW LIKE ALL THE NOTARY STAMPS

WILLIAM - THOSE ARE ON THE MORTGAGE

JAMIE - THE ORIGINAL LOAN FILE

WILLIAM - THATS ALL IN THE SUIT RECORD

JAMIE - SO THATS NOT COPIES

WILLIAM - THATS THE REAL THING

JAMIE - SO I JUST GO TO COURT HOUSE AND LOOK AT THEM

WILLIAM - YES

(annotation: THIS IS STATING COPIES / REAL THING → P → THATS THE REAL THING)

2

Return To:
Argent Mortgage Company, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt 19 North
Palm Harbor, FL 34683

Prepared By:Argent Mortgage Company, LLC
Amber Evans
2550 Golf Road, East Tower, 10th Floor
Rolling Meadows, IL 60008

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated September 19, 2006 together with all Riders to this document.

0086664414 - 9611

LOUISIANA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3019  1/01

-6(LA) (0005)                                                              09/19/2006 2:09:14
Page 1 of 16         Initials: KMF
VMP MORTGAGE FORMS - (800)521-7291

D06-01LA (05/2005)Rev.03

*3*
MR. FOGLEMANS COPIES (NOT RECORDED)

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

36. **Additional Waivers.** Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this ___19th___ day of ___September___, ___2006___, in the presence of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_____ (Seal) Borrower
JAMIE P LABRANCHE

_____ (Seal) Borrower
KIM MARTIN LABRANCHE

_____ (Seal) Borrower

_____ (Seal) Borrower

Notary qualified in St Charles Parish, Louisiana

Notary Identification Number #06 2995

0086664414 - 9611
Page 15 of 15                09/19/2006 2:09:14 PM

400-15LA (05/2005)Rev.03

4

MR. FOGLEMANS COPIES (NOT RECORDED)

EXHIBIT

Jamie LaBranche
2173 Carmel Valley Drive
LaPlace, LA 70068

$ 05.54  MAR 09 2010  MAILED FROM ZIP CODE 70816
$ 01.90  MAR 09 2010  MAILED FROM ZIP CODE 70816

Corporation
k Drive
LA 70816

5

**IMPORTANT:** Peel away only the top adhesive strip for first use.
Press Here. Press Here. Press Here. Press Here. Press Here. Press Here.

Page 1 of 1

From: Origin ID: IXDA  (877) 256-4117
Tara Selley
Nations Lending Services
9801 Legler Rd.
Lenexa, KS 66219

FedEx Express   E   BILL SENDER

Ship Date: 25MAR10
ActWgt: 1.0 LB
CAD: 5210036/INET3010

Delivery Address Bar Code

Ref #   06LA02841
Invoice #
PO #
Dept #

SHIP TO: (877) 256-4117
**Jamie Labranche**

2173 CARMEL VALLEY DR

LA PLACE, LA 70068

TRK# 7985 0764 7218
0201

MON - 29 MAR  A1
** 2DAY **
RES

70068
LA-US
MSY

SC NEWA

RT 177  6  B
FZ       7218
         03.29

For international shipments, FedEx liability is limited to US$100 for damage, loss or delay of the shipment by surface or air and may be further limited by certain treaties, including the Warsaw Convention, typically to US$9.07 per pound. See the current FedEx Service Guide or the FedEx International Air Waybill for details.

Want more information?

Anna DeFrancesch, Clerk of Court
Parish of St. John the Baptist
**0269126**
Recorded On: 10/04/2006 01:04 P

~~Return To:~~
~~Argent Mortgage Company, LLC~~
~~C/O Nationwide Title Clearing, Inc.~~
~~2100 Alt. 19 North~~
~~Palm Harbor, FL 34683~~

B323339

Prepared By:Argent Mortgage Company, LLC
Amber Evans
2550 Golf Road, East Tower, 10th Floor
Rolling Meadows, IL 60008

———————————[Space Above This Line For Recording Data]———————————

# MORTGAGE

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive
St. Paul, MN 55117

**DEFINITIONS**    3406850<sub>2</sub>

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated September 19, 2006 together with all Riders to this document.

0086664414 - 9611

LOUISIANA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         Form 3019  1/01

-6(LA) (0005)
Page 1 of 15
VMP MORTGAGE FORMS - (800)521-7291

09/19/2006  2:09:14

CLERK OF COURT    PARISH OF ST. JOHN THE BAPTIST
STATE OF LOUISIANA
I hereby certify that the above and foregoing is a true and correct Copy of the original filed for record as indicated herein below
_____ P.M. on _____
Acct# _____
From the official records of St. John the Baptist Parish, Louisiana In faith whereof, witness my hand and the impress of the seal of my Office.
_____
Deputy Clerk of Court & Ex-Officio Recorder

D06-01LA (05/2005)Rev.03

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
_____
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE 3-29-11

7
M03 # 269126

without obligation the separate property of Borrower's spouse; and (b) waiving any homestead rights to which Borrower's spouse may be entitled under Applicable Law. Notwithstanding the fact that Borrower's spouse did not co-sign the Note, and further notwithstanding the language of Section 13 of this Security Instrument, Borrower's spouse is obligated for payment of the Note and all other sums secured by this Security Instrument to the extent of the spouse's community property interest, and to the extent that the Note is a community obligation.

36. **Additional Waivers.** Borrower hereby waives production of mortgage, conveyance and other certificates with respect to the Property, and relieves and releases the Notary Public before whom this Security Instrument was passed from all responsibility and liability in connection therewith.

THUS DONE, AND PASSED, on this __19th__ day of __September__ 2006, in the presence of the undersigned Notary Public, and in the presence of the undersigned competent witnesses, who hereinto sign their names, along with Borrower, after being duly sworn and after reading the whole.

WITNESS(ES) (as to all signatures):

_Victoria Fenger_                 _____ (Seal)
                                  JAMIE P LABRANCHE          Borrower

_Jason Fenger_                    _____ (Seal)
                                                             Borrower
                                  KIM MARTIN LABRANCHE

                                  _____ (Seal)
                                                             Borrower

                                  _____ (Seal)
                                                             Borrower

Notary qualified in St Charles Parish, Louisiana
RICHARD D. WHITNEY, JR.
Notary Identification Number #06 2945
Commission expires at death

0086664414 - 9611
Page 15 of 15                                    09/19/2006 2:09:14 PM

400-15LA (05/2005)Rev.03

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE 3-29-11

8

Electronic Code of Federal Regulations
e-CFR
TM

e-CFR Data is current as of February 26, 2010

**Title 12: Banks and Banking**
PART 226—TRUTH IN LENDING (REGULATION Z)
Subpart C—Closed-End Credit

Browse Previous | Browse Next

### § 226.23   Right of rescission.

(a) *Consumer's right to rescind.* (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[47]

[47] For purposes of this section, the addition to an existing obligation of a security interest in a consumer's principal dwelling is a transaction. The right of rescission applies only to the addition of the security interest and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new material disclosures. Delivery of the required notice shall begin the rescission period.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, → CERTIFIED RETURN RECEIPT
telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[48] whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in → NEVER RECEIVED CLOSING PAPERS YET COMPANY IS CLOSED OUT OF BUSINESS
the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

[48] The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§226.32(c) and (d) and 226.35(b)(2).

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)(1) *Notice of right to rescind.* In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E-Sign Act). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

 9

3/2/2010

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) *Proper form of notice.* To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

(c) *Delay of creditor's performance.* Unless a consumer waives the right of rescission under paragraph (e) of this section, no money shall be disbursed other than in escrow, no services shall be performed and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded.

(d) *Effects of rescission.* (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

[handwritten margin note: SECURITY INTEREST DOESN'T EXIST SN HAS NO CLAIM]

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

[handwritten margin note: NO ACTION TAKEN BY CREDITOR CONSUMER SHOULD BE ALLOWED TO KEEP PROPERTY WITHOUT FURTH OBLIGATION]

(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

(e) *Consumer's waiver of right to rescind.* (1) The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2) of this section.

(2) The need of the consumer to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest.[48a] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[48a] A list of the affected areas will be maintained by the Board.

(3) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared during June through September 1994 to be a major disaster area, pursuant to 42 U.S.C. 5170, because of severe storms and flooding in the South.[48b] In this instance, creditors may use printed forms for the consumer to waive the right to rescind. This exemption to paragraph (e)(1) of this section shall expire one year from the date an area was declared a major disaster.

[48b] A list of the affected areas will be maintained and published by the Board. Such areas now include parts of Alabama, Florida, and Georgia.

(4) The consumer's need to obtain funds immediately shall be regarded as a bona fide personal financial emergency provided that the dwelling securing the extension of credit is located in an area declared

HERSCHEL C. ADCOCK, JR.
ATTORNEY AT LAW

COPY A

13541 TIGERBEND ROAD, 70817
P. O. BOX 87379
BATON ROUGE, LA 70879

TELEPHONE: (225) 756-0373
FAX: (225) 756-5311

July 7, 2008
VIA – CERTIFIED MAIL

JAMIE P. LABRANCHE
2173 CARMEL VALLEY DRIVE
LA PLACE, LA 70068

      RE:    CITI RESIDENTIAL LENDING, INC.
              LOAN #0086664414
              OUR FILE NO. 10700

THIS NOTICE COMES FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.

Dear Sir or Madam:

LEGAL NOTICE

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR JUDGMENT IF ANY, AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT THEN THE CURRENT CREDITOR. IF YOU REQUEST ANY OF THE ABOVE INFORMATION, WE WILL CEASE COLLECTION ON THE DEBT, OR ANY DISPUTED PORTION THEREOF, UNTIL WE FURNISH YOU WITH THE REQUESTED INFORMATION.

Please be advised that Herschel C. Adcock, Jr., Attorney at Law, has been retained to represent the interest of Citi Residential Lending, Inc., in the foreclosure proceedings against your home.

This correspondence is to advise you that Citi Residential Lending, Inc. has in place certain programs to assist borrowers in avoiding foreclosure proceedings and retaining their residence. If you would like to discuss these programs, we will be happy to place you in direct contact with our client.

You may contact our foreclosure department at (225) 756-0373 if you would like assistance in contacting Citi Residential Lending, Inc. to discuss the available programs.

With kindest personal regards, I remain



Yours very truly,

TO: HERSCHEL C. ADCOCK JR.
13541 TIGERBEND ROAD
BATON ROUGE LA. 70817

Aug. 3, 2008

FROM: JAMIE LABRANCHE
2173 CARMEL VALLEY DR.
LAPLACE, LA. 70068

OFFICIAL FORMAL DEMAND TO RESCIND LOAN #0086664414 UNDER TRUTH IN LENDING ACT FOR MULTABLE VIOLATIONS UNDER ACT

DEAR, MR. HERSCHEL C. ADCOCK JR.

I RECEIVED YOUR VIA-CERTIFIED LETTER DATED JULY 7 2008 STATING YOU HAVE BEEN RETAINED TO REPRESENT THE INTEREST OF CITI RESIDENTIAL LENDING, INC. MY TYPE PAGE EXPLAINS WHERE I STAND. I DON'T HAVE AN ATTORNEY. I DEMAND TO RESCIND LOAN #0086664414 UNDER MY RIGHTS IN TRUTH IN LENDING ACT, MULTIABLE VIOLATIONS UNDER SAID ACT OCCURED. THIS IS A FORMAL DEMAND TO CITI AND MR. HERSCHEL C. ADCOCK JR., REPRESENTING CITI INTEREST IN THIS MATTER, VIA-CERTIFIED LETTERS TO HERSCHEL ADCOCK JR. AT ABOVE ADDRESS, US MAILED LETTERS TO CITI P.O. BOX 11000, SANTA ANA, CA. 92711-1000, ON 8-4-2008

SUMITTED

12

(7)

**USPS Certified Mail Receipt (Baton Rouge, LA 70871)**

- Postage: $0.42
- Certified Fee: $2.70 (Postmark 08/04/2008)
- Return Receipt Fee: $2.20
- Restricted Delivery Fee: $0.00
- Total Postage & Fees: $5.32

Sent To: Herschel
Street: 13641 Tiger Bend Road
City: Baton Rouge, LA 70817

**Domestic Return Receipt**

A. Signature: [signed]
B. Received by (Printed Name): Dana Stingo  C. Date of Delivery: 8-5-08
3. Service Type: ☒ Certified Mail
4. Restricted Delivery? No

Article addressed to:
HERSCHEL CADDOCK JR.
13641 TIGERBEND ROAD
BATON ROUGE LA 70817

Article Number: 7004 1350 0002 3350 1811
(Transfer from service label)
2011 February 2011
PS Form 3811, Domestic Return Receipt    102595-02-M-1540

---

**LAPLACE POST OFFICE**
LAPLACE, Louisiana
70068998
2165690185-0095
08/04/2008 (800)275-8777 01:35:43 PM

================ Sales Receipt ================
Product           Sale   Unit   Final
Description       Qty    Price  Price
==============================================
BATON ROUGE LA 70817                    $0.42
Zone-1 First-Class
Letter
0.50 oz.
Return Rcpt (Green                      $2.20
Card)
Certified                               $2.70
Label #:
       70041350000023350181
Issue PVI:                              $5.32

42c #10 Elk       1     $0.51   $0.51
Env
                                ========
Total:                          $5.83

Paid by:
Cash                            $100.00
Change Due:                     -$94.17

COPY

(10)  13

LOAN DOCUMENTS FOR:

Borrower Name: LABRANCHE

Property Address: 2173 CARMEL VALLEY DRIVE, LA PLACE, LA 70068

Loan Number: 0086664414

Branch Code: 9611

Comment:

TO:

Recipient Information: nations title

Recipient Address: 13348 coursey blvd, baton rouge, la 70816

Recipient email1: la-reficlosings@nationstitle.com

FROM: "PLEASE RETURN SIGNED DOCUMENTS TO THE ADDRESS BELOW:"

Company Name: Argent Mortgage Company, LLC

Company Address: 2550 Golf Road, East Tower, 10th Floor

Company CSZ: Rolling Meadows, IL 60008

CONTACT INFORMATION:

Contact Name: Amber Evans

Contact Phone: 800 369-5117 EXT 32499

Contact Fax: 800-396-4964

Email Address: AEvans@argentmortgage.com

14

# Industry probe forces fall of Florida's foreclosure king

## Legal issues emerge as details unfold

**By Michelle Conlin**
The Associated Press

FORT LAUDERDALE, FLA. — During the housing crash, it was good to be a foreclosure king. David Stern was Florida's top foreclosure lawyer, and he lived like an oil sheik. He piled up a collection of trophy properties, glided through town in a fleet of six-figure sports cars and, with his bombshell wife, partied on an ocean cruiser the size of a small hotel.

When homeowners fell behind on their mortgages, the banks flocked to "foreclosure mills" like Stern's to push foreclosures through the courts on their behalf. To his megabank clients — Bank of America, Goldman Sachs, GMAC, Citibank and Wells Fargo — Stern was the ultimate Repo Man.

At industry gatherings, Stern bragged of taking mortgages from the "cradle to the grave." Of the federal government's disastrous homeowner relief plan, which was supposed to keep people from getting evicted, he quipped: "Fortunately, it's failing."

The worse things got for homeowners, the better they got for Stern.

That is, until last fall, when the nation's foreclosure machine blew apart and Stern's gilded world came undone.

"What Stern represents is an industry that was completely unrestrained, unchecked, unpunished and unsupervised," says Florida defense attorney Matt Weidner. "This was business gone wild."

### An industry's fall

The rise and fall of Stern, now 50, provides an inside look at how the foreclosure industry worked in the last decade — and how it fell apart. It also shows how banks, together with their law firms, built a quick-and-dirty foreclosure machine that was designed to take as many houses as fast as possible.

Not long ago, the world of back-office bank procedures was of little interest to the public. But revelations last fall about robo-signers powering through hundreds of foreclosure affidavits a day, without verifying a single sentence, changed all that. Today the banking industry's eviction juggernaut is under intense scrutiny as allegations of systemic foreclosure fraud mount.



BILL WARNER / THE ASSOCIATED PRESS
David Stern, a Florida foreclosure lawyer, quickly became one of the nation's top foreclosure lawyers. The worse things got for homeowners, the better they got for Stern. That is, until last fall, when the nation's foreclosure machine blew apart and Stern's world came undone.

The 50 state attorneys general are conducting a foreclosure industry probe. So are state and federal regulators. Class-action lawsuits are gathering force, and, with increasing frequency, state judges are tossing out foreclosure suits in favor of homeowners. The developments are prolonging the housing market depression, casting doubt on mortgage ownership and calling into question whether mortgage-backed securities are, in fact, backed by nothing at all.

The Florida attorney general's economic crimes division is investigating three law firms, including Stern's, over allegations that they created fraudulent legal documents, gouged homeowners with inflated fees, steered business to companies they owned and filed foreclosures without proving the bank actually had a legal interest in the loan. Florida authorities characterize the foreclosure process at these law firms as a "virtual morass" of "fake documents" and depicted Stern's operations as something akin to the TV show "Lost" — only instead of people that went missing, it was paperwork. Stern's employees churned out bogus mortgage assignments, faked signatures, falsified notarizations and foreclosed on people without verifying their identities, the amounts they owed or who owned their loans, according to employee testimony. The attorney general is also looking at whether Stern paid kickbacks to big banks. "There's a David Stern in every state, sometimes more than one," says Jacksonville Legal Aid attorney April Charney, who has successfully stopped foreclosure for hundreds of Florida families.

Stern denied repeated requests for comment. He did not answer inquiries at his office or at his main residence in Fort Lauderdale. Stern's lawyer, Jeffrey Tew, agreed to an interview in late December at his Miami office, then canceled it the night before without further comment.

### Suspicious practices

Stern's story, starting with his law degree in 1986 from the South Texas College of Law, can be pieced together through thousands of pages of court documents, myriad depositions and scores of interviews.

After working at a law firm for mortgage lenders, Stern started his own practice in Fort Lauderdale in 1994. Four years later, the mortgage giant Fannie Mae, a government-backed agency that provides market stability for mortgage lenders, named Stern to its exclusive attorney network. That meant Fannie directed banks to use Stern's firm when foreclosing in Florida. Fannie also named Stern Attorney of the Year in 1998 and 1999.

Almost from the beginning, Stern faced trouble. In 1998, he was named in a class-action lawsuit alleging that he padded fees on foreclosed homeowners. Stern settled for $2.2 million. According to legal testimony at the time from a Fannie Mae official, Fannie was warned about troubles at the Stern firm. But Fannie continued referring cases to Stern.

Soon after, Stern was sued again, this time for sexual harassment. Stern settled that suit in 2000 for an undisclosed amount.

By this time, lawyers and homeowner activists were also warning lenders, federal regulators and the Florida Bar about Stern. In 2002, the Florida Supreme Court reprimanded Stern for submitting "potentially misleading" fee affidavits.

None of the accusations stalled the firm's steroidal growth. After the economy crashed in the fall of 2008 and ravaged the housing market, Florida, along with Nevada, Arizona and California, became foreclosure central.

Stern's caseload rose from 15,000 foreclosures in 2006 to 70,400 in 2009. His staff tripled to more than 1,200.

To keep up with demand, Stern set up offices in the Philippines. When the U.S. staff responsible for entering bank data in the foreclosure files logged off, the offshore workers logged on.

Revenue swelled from $41 million in 2006 to $260 million in 2009, according to an SEC filing.



15