FORTIETH JUDICIAL DISTRICT COURT

IN AND FOR THE PARISH OF
ST. JOHN THE BAPTIST
STATE OF LOUISIANA

CITI PROPERTY HOLDINGS, INC.     NUMBER: 54549
F/K/A LIQUIDATION PRO

VERSUS     DIVISION: "B"

JAMIE P. LABRANCHE AND
KIM MARTIN LABRANCHE

THE HONORABLE MARY HOTARD BECNEL

JUDGE

Transcript of Proceedings
Taken in Open Court at Edgard, Louisiana
On March 17, 2011

APPEARANCES:

REPRESENTING THE PLAINTIFF:

William A. Fogleman
Attorney at Law
Baton Rouge, Louisiana

REPRESENTING THE DEFENDANT:

Jamie P. Labranche, in proper person

REPORTED BY:    Laura L. Haindle, C.C.R.
                 Official Court Reporter
                 40th Judicial District Court

1

EXHIBIT A

```
 1                    P R O C E E D I N G S
 2   THE COURT:
 3            54559 (sic), Citi Property Holdings versus
 4       Labranche.
 5   MR. FOGLEMAN:
 6            William Fogleman, Your Honor, on behalf of Citi
 7       Properties?
 8   MR. LABRANCHE:
 9            Jamie Labranche.
10   THE COURT:
11            Okay.  Mr. Labranche brought to my office
12       yesterday, and I didn't sign it, a motion for temporary
13       injunction.
14            Did you give counsel a copy?
15   MR. LABRANCHE:
16            Well, he was, I never gave it to him yet.
17   THE COURT:
18            He needs to see this.
19   MR. LABRANCHE:
20            Okay.  Well, he -- I put on there to serve.
21   THE COURT:
22            Well, kind of late though.
23   MR. FOGLEMAN:
24            May I approach, Your Honor?
25   THE COURT:
26            Not without him.  You want to say something on
27       the record?
28   MR. FOGLEMAN:
29            Yes.
30   THE COURT:
31            Okay.  Well, I'll call you all up.
32            Come up and give him his copy.
```

```
 1                 Yes, sir?  What did you want to say?
 2  MR. FOGLEMAN:
 3                 This is a temporary restraining order?
 4  THE COURT:
 5                 It says motion for temporary injunction.  I'm
 6           telling you what it --
 7  MR. FOGLEMAN:
 8                 Okay.
 9  THE COURT:
10                 -- says.
11                 You want a few minutes to look at it and I'll get
12           back to you all?  I'm just sounding the docket right
13           now.
14  MR. FOGLEMAN:
15                 Okay.
16  (Other matters, not related to this case, are heard at this
17  time)
18  THE COURT:
19                 Okay.  Citi Property versus Jamie Labranche.
20                 State your appearances for the record.
21  MR. FOGLEMAN:
22                 William Fogleman on behalf of Citi Properties,
23           Your Honor.
24  MR. LABRANCHE:
25                 Jamie Labranche.
26  THE COURT:
27                 And this is number 54549.
28                 Okay.  Did you have a chance to review the --
29  MR. FOGLEMAN:
30                 Well, I, I did have --
31  THE COURT:
32                 -- what he filed?
```

```
 1  MR. FOGLEMAN:
 2            -- a chance to look at it, Your Honor.  I'm not
 3       sure exactly how it's, it's, the styling of the
 4       pleading, but I would argue that if this is a request
 5       for a temporary restraining order that the code
 6       provides that a temporary restraining order is not
 7       available in a case of executory proceedings for
 8       immovable property.
 9  THE COURT:
10            But an injunction is.
11  MR. FOGLEMAN:
12            An injunction is but if he's seeking an
13       injunction, of course we have, I will first argue we
14       have not received notice of this.
15  THE COURT:
16            Right, --
17  MR. FOGLEMAN:
18            I got it this morning.
19  THE COURT:
20            -- I understand that.
21  MR. FOGLEMAN:
22            Second thing is I would argue is your, he's
23       seeking the injunction based on rescission of the loan.
24       If he's offering to rescind the loan then he has to
25       return the money, under the federal code.  And I have
26       not --
27  THE COURT:
28            All right.  Well --
29  MR. FOGLEMAN:
30            -- had the money tendered back for rescission.
31  THE COURT:
32            All right.  But I think I have to set this for
```

4

```
 1              hearing, the injunction itself, unless you want to
 2              accept service on it today. But otherwise I'd have to
 3              reset it. He just, you know, it's not even signed yet.
 4    MR. FOGLEMAN:
 5                   I'll go ahead and argue it today. I mean, I'd
 6              like to hear what he's got. I, I, I have no evidence,
 7              no, no documents attached to it, all I have is a
 8              request for an injunction. But there's no, there's
 9              nothing to back it up?
10    THE COURT:
11                   Hmm hmm.
12    MR. FOGLEMAN:
13                   I mean, there's nothing attached, there's no
14              proof that he's, he's offered, you know, a claim for
15              rescission.
16    THE COURT:
17                   All right. So you're -- For the, for the record
18              you're accepting service on this document today and you
19              ready to go forward with it today?
20    MR. FOGLEMAN:
21                   Yes.
22    THE COURT:
23                   Are you ready to go forward with it,
24              Mr. Labranche?
25    MR. LABRANCHE:
26                   Yes.
27    THE COURT:
28                   All right. All right. So actually this is
29              Mr. Labranche's motion. Or was it yours that we reset?
30    MR. FOGLEMAN:
31                   No, it was his.
32    THE COURT:
```

```
 1                It was his.
 2   MR. FOGLEMAN:
 3                I mean, we, we've got it --
 4   THE COURT:
 5                Right.
 6   MR. FOGLEMAN:
 7                -- just, this is a pending executory --
 8   THE COURT:
 9                Right.
10   MR. FOGLEMAN:
11                -- proceeding.
12   THE COURT:
13                Okay.  All right.  Mr. Labranche.
14   MR. LABRANCHE:
15                Yeah, I filed a --
16   THE COURT:
17                Excuse me, one moment.
18                Okay.
19   MR. LABRANCHE:
20                I went ahead and filed an injunction and
21           underneath USC 1601, truth in lending act, and I
22           enclosed all the, the proofs on the back pages.  The
23           first page, Copy A, that's the letter -- Yeah, right
24           here.  Copy A, that's the letter that Mr. Herschel
25           Adcock sent me.  Second page is the recension (sic),
26           certified, to Mr. Adcock and Citi.  And the third page
27           is actually the regulations and the law, the, the
28           226.23, Section D, effects of a rescission.  "When a
29           consumer rescinds a transaction, the security interest
30           giving rise to the right to recission becomes void and
31           the consumer shall not be liable for any amount,
32           including any finance charge."  And if you look at
```

```
 1              Section 4 there's no court orders in place to, to, to
 2              refute that, that law, it is as is, as is written.
 3                   And it goes into great detail, the case goes into
 4              great detail.  It's very complicated how we got here.
 5              And by you coming in in May of 2009 you wasn't familiar
 6              what went on before you got here.  Cause you remember
 7              you changed out lawyers.  You requested a change out
 8              last year, including the name change of the company.
 9              We back to all the way to 2007 and I got to, you got to
10              kind of get updated on really what's the backbone of
11              the case.  Because --
12 MR. FOGLEMAN:
13                   Your Honor, I mean, I, just to, just to argue
14              what, what's happened in the case.  The petition was
15              filed in 2007.  The reason it's been taking so long is
16              Mr. Labranche filed bankruptcy in 2008.  That was
17              dismissed.  Mrs. Labranche --
18 THE COURT:
19                   What was dismissed, the bankruptcy --
20 MR. FOGLEMAN:
21                   His bankruptcy.
22 THE COURT:
23                   -- was dismissed?  Okay.
24 MR. FOGLEMAN:
25                   So the foreclosure continued.
26 THE COURT:
27                   All right.  Okay.
28 MR. FOGLEMAN:
29                   And all this time, I mean, this letter may have
30              been pending but, but just to give you the history, and
31              then Mrs. Labranche filed bankruptcy in 2009.  A motion
32              for relief from stay was granted in the bankruptcy
```

1  court, after notice to them, and the foreclosure again
2  was allowed to proceed. Then we filed a motion to
3  substitute in this matter. So he's had more than ample
4  time to argue, you know, the, you know, the issues that
5  have been raised in this case.
6      As far as recission under federal law, if he
7  wants to rescind it he has to tender the money back in
8  order to effect the recission, and he has not done
9  that.
10 MR. LABRANCHE:
11     Yeah, I had all that set up in '08 ready to go
12 but Citi didn't comply. Instead they moved ahead in
13 October, the beginning of October, and went for a
14 straight foreclosing, ignoring the law altogether
15 and --
16 MR. FOGLEMAN:
17     The, the law says that you have to tender back
18 the two hundred and four thousand dollars. You have
19 the money we'll rescind the loan.
20 MR. LABRANCHE:
21     No, what I'm saying, back in 2008 I had it set up
22 where I can go back to the hundred and fifty thousand,
23 the original amount.
24 MR. FOGLEMAN:
25     No, the original amount of the loan was two
26 hundred and four thousand dollars.
27 MR. LABRANCHE:
28     Yeah, I understand that but what I'm, what I'm
29 trying to say, I had it set up -- See, during the
30 recension (sic) you all, the bank's got to give back
31 the, all the, the money as far as like --
32 THE COURT:

```
1                    Okay, wait.  You all are talking to each other.
2              Okay.  You all are supposed to be --
3    MR. FOGLEMAN:
4                    I'm sorry --
5    THE COURT:
6                    -- arguing the case --
7    MR. LABRANCHE:
8                    Oh, okay.
9    THE COURT:
10                   -- before me.
11                   What about the injunction itself?
12   MR. FOGLEMAN:
13                   Well, Your Honor, I mean, first off, I would, I
14             would argue that he doesn't have grounds for it.  If
15             he's asking for it on the basis of recission then he
16             has to post the money.  To rescind the loan you got to
17             give the money back.  That's what the federal law says.
18   THE COURT:
19                   Okay.
20   MR. FOGLEMAN:
21                   So he's asking to rescind the loan.  Give me back
22             the two hundred and four thousand dollars, I'll rescind
23             the loan.
24   MR. LABRANCHE:
25                   But, but, like I said, Mr. Adcock and Citi failed
26             to comply with the law and, and they only had twenty
27             days, if you read on the law, twenty days to, to take
28             care of their business, in Section, Section 3.  They
29             had twenty days.  They didn't come to the table or
30             nothing.  And --
31   MR. FOGLEMAN:
32                   But, Your Honor, I --
```

```
 1                I'm sorry to interrupt.
 2   MR. LABRANCHE:
 3                And that's just that part of it.  If you all want
 4        to go, we can go into the detail of some of the trial,
 5        that I was saving for trial.  You know, he got false
 6        notarization at closing which can never be duly
 7        recorded.  You see?  And, and, and not just that, let's
 8        talk about notes.
 9   THE COURT:
10                Well, wait, wait, wait.  We're not going to jump
11        and bounce all over the place.  This is set, I gave you
12        time to file what you had to file.  You filed a
13        petition for injunction.  Okay?  I'm going to --
14   MR. FOGLEMAN:
15                Your Honor.
16   THE COURT:
17                I'm, I'm going to consider this a hearing on it
18        without signing it.
19                Yes, sir?
20   MR. FOGLEMAN:
21                Well, again, also, I would ask that if, if you're
22        going to consider the petition for the injunction then
23        we would request security be posted under the statute
24        on the code.
25   THE COURT:
26                That's what I'm, that's why I asked you what you
27        had to say about the injunction.
28   MR. FOGLEMAN:
29                Okay.
30   THE COURT:
31                Okay?  Cause obviously it doesn't comply with all
32        the --
```

10

```
 1   MR. FOGLEMAN:
 2              Right.
 3   THE COURT:
 4              -- codal requirements for an injunction.
 5              Is this set for sale at this time? Has it --
 6   MR. FOGLEMAN:
 7              No, Your Honor. Actually the writ has been
 8         issued but the sheriff has not set a sale date.
 9   THE COURT:
10              So there's nothing really to enjoin right now,
11         nothing's been set?
12   MR. FOGLEMAN:
13              No, there's really not. There's no sale date
14         been set yet.
15   THE COURT:
16              Okay. I'm going to deny the injunction at this
17         time but, the temporary injunction, the immediate
18         injunction. But for permanent injunction I am going to
19         give you all both time to, I'd like some law on this
20         matter, on the injunction and the issues raised by
21         Mr. Labranche, and I'll give you all fifteen days to
22         file something for me to consider. And this is only
23         considering his injunction or his objections to your
24         proceeding with the seizure and sale.
25   MR. FOGLEMAN:
26              Okay. Just to, to, to, I just want to make
27         sure, I'm responding to the injunction or to the --
28         Because previously he had filed an objection and a
29         motion for summary judgment. Or that's how he
30         captioned it. And so I was, those were
31         inappropriate --
32   THE COURT:
```

```
 1              But didn't I, didn't I rule that he --
 2  MR. FOGLEMAN:
 3              You ruled on those first and said those were not
 4       appropriate in an executory --
 5  THE COURT:
 6              Exactly, that's what I thought I did.
 7  MR. FOGLEMAN:
 8              -- proceeding and come back today with --
 9  THE COURT:
10              And with appropriate --
11  MR. FOGLEMAN:
12              -- an attorney to file whatever --
13  THE COURT:
14              Yes.
15  MR. FOGLEMAN:
16              -- you needed.  And that's what, that's what your
17       ruling was last time.
18  THE COURT:
19              Right.
20  MR. FOGLEMAN:
21              So I'm just wanting, I'm trying to --
22  THE COURT:
23              Okay.  So now he's filed --
24  MR. FOGLEMAN:
25              -- make sure that I understand --
26  THE COURT:
27              -- an injunction, which I think is, is the proper
28       vehicle in this case, but I, I see some defects with
29       it.  So I want to address the defects of the injunction
30       and the merits of it also, the merits of the case --
31  MR. FOGLEMAN:
32              Okay.
```

```
 1  THE COURT:
 2              -- regarding the injunction.
 3              Yes, sir?
 4  MR. LABRANCHE:
 5              I was wanting to ask the Court about the, the
 6         mortgage note.  Do you have the original mortgage note?
 7  MR. FOGLEMAN:
 8              It's in the court records.
 9  MR. LABRANCHE:
10              The original?
11  MR. FOGLEMAN:
12              The original.
13  MR. LABRANCHE:
14              The original -- Not the promissory note, the
15         original mortgage note with all those notaries?
16  MR. FOGLEMAN:
17              No, the, the original note, the original note is
18         filed with the Clerk of Court in the suit record.  The
19         original mortgage is filed with the mortgage records
20         with the Clerk of Court's office here.
21  MR. LABRANCHE:
22              So you're saying they have original mortgage and
23         original promissory note together?
24  MR. FOGLEMAN:
25              Yeah.  No, no, they're not together.
26              Do you want me to respond or -- But, I mean, I
27         just --
28  THE COURT:
29              This is not before me.
30  MR. FOGLEMAN:
31              Okay.  Okay.
32  THE COURT:
```

```
 1                I, I, I'm not getting involved in this.
 2   MR. FOGLEMAN:
 3                All right.
 4   THE COURT:
 5                My ruling today and, Miss Clerk, please make a
 6         minute --
 7                You all can talk in the hall if you all want.
 8   MR. FOGLEMAN:
 9                All right, Your Honor.
10   MR. LABRANCHE:
11                All right.
12   THE COURT:
13                I'm giving counsel and Mr. Labranche, both of
14         you, fifteen days to give me some law supporting your
15         positions in this case.
16   MR. FOGLEMAN:
17                Okay.
18   THE COURT:
19                Regarding what's before me now.  All right?
20   MR. FOGLEMAN:
21                All right.
22   THE COURT:
23                So fifteen days from, for each of you.
24   MR. FOGLEMAN:
25                Will there, will there be a formal hearing, Your
26         Honor, or you just want to review that in, in, in --
27   THE COURT:
28                If I think a hearing is required I'll ask for a
29         hearing.
30   MR. FOGLEMAN:
31                Okay.
32   THE COURT:
```

14

```
 1                But I think if you all just give me the law I
 2           don't think that will be necessary.
 3  MR. FOGLEMAN:
 4                All right.
 5  THE COURT:
 6                Okay?
 7  MR. FOGLEMAN:
 8                Thank you, Your Honor.
 9  THE COURT:
10                Or do you want to come back for a hearing?  But,
11           I mean, I don't --
12  MR. FOGLEMAN:
13                No, I mean, --
14  THE COURT:
15                I think it's a matter of law.
16  MR. FOGLEMAN:
17                -- I'm trying to get this moving, so --
18  THE COURT:
19                I think it's a matter of law --
20  MR. FOGLEMAN:
21                I do too.
22  THE COURT:
23                -- and that's what I've got to do.  Okay?
24  MR. FOGLEMAN:
25                Okay.
26  MR. LABRANCHE:
27                Okay.
28  THE COURT:
29                All right.  Fifteen days each.
30  MR. LABRANCHE:
31                All right.
32  MR. FOGLEMAN:
```

```
 1                    Okay.  Thank you, Your Honor.
 2                    I'm sorry.  Do you want me to prepare an order
 3              denying the injunction at this time?
 4     THE COURT:
 5                    I, I did.  I denied, I just wrote --
 6     MR. FOGLEMAN:
 7                    Okay.  You --
 8     THE COURT:
 9                    -- it on his injunction.
10     MR. FOGLEMAN:
11                    Okay.  I didn't know --
12     THE COURT:
13                    I just wrote --
14     MR. FOGLEMAN:
15                    -- if you wanted me to prepare an order.
16     THE COURT:
17                    I just wrote "denied" over it.
18     MR. FOGLEMAN:
19                    Okay.
20     THE COURT:
21                    Okay?
22     MR. FOGLEMAN:
23                    Thank you, Your Honor.
24     THE COURT:
25                    The temporary injunction.
26     MR. FOGLEMAN:
27                    Right.
28                    Thank you, Your Honor.
29     THE COURT:
30                    And you have a copy of it now?
31     MR. FOGLEMAN:
32                    I do.
33     **************************************************************
```

C E R T I F I C A T E

I, LAURA L. HAINDLE, C.C.R., do hereby certify that the above and foregoing is a true and correct transcript of the proceedings held in the matter of Citi Property Holdings, Inc. f/k/a Liquidation Pro Versus Jamie P. Labranche and Kim Martin Labranche, NUMBER 54549, DIVISION "B", on the 17th day of March, 2011 to the best of my ability and understanding.

*Laura L. Haindle, CCR*

LAURA L. HAINDLE, C.C.R.

OFFICIAL SEAL
LAURA L. HAINDLE
Certified Court Reporter
In and for the State of Louisiana
Certificate Number 84096
Certificate expires 12-31-11

17