UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CITI PROPERTY HOLDINGS, INC.**                      **CIVIL ACTION**

**VERSUS**                                            **NO: 11-617**

**JAMIE P. LABRANCHE and KIM**                        **SECTION: S(1)**
**MARTIN LABRANCHE**

## ORDER AND REASONS

In this foreclosure case, plaintiff Citi Property Holdings, Inc. moves to remand the matter to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana. Because defendants did not timely file a notice of removal,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #10) is **GRANTED**, and the matter is **REMANDED** to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana**.**

**IT IS FURTHER ORDERED** that plaintiff's incorporated motion for attorneys' fees and costs is **DENIED**.

## BACKGROUND

On October 5, 2007, Citi Property Holdings filed a petition in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana to foreclose on property owned by defendants Jamie P. LaBranche and Kim Martin LaBranche. On March 4, 2009, the Sheriff of St. John the Baptist Parish executed and served defendants with a writ of seizure and sale. On October 13, 2010, Citi Property Holdings filed a supplemental and amending petition in which it stated that

it had applied certain payments and credits to defendants' account. Defendants were served with the supplemental and amending petition on October 18, 2010.

Defendant Jamie LaBranche filed a notice of removal in this Court on March 21, 2011. Citi Property Holdings now moves to remand this matter to the state court.

## ANALYSIS

**A.   Removal Procedure**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the suit. See 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal. See id. at § 1446(a). The notice must be filed within thirty days of service on the defendant. Id. at § 1446(b). If the plaintiff's initial complaint is not removable, the defendant may file a notice of removal within thirty days of being served with an amended complaint or other document from which it may first be ascertained that the case is removable. Id.

In this case, Citi Property Holdings filed the initial petition on October 5, 2007, and the sheriff executed and served the writ of seizure and sale on March 4, 2009. On October 13, 2010, Citi Property Holdings filed an amended petition, which was served on defendants on October 18, 2010. Defendants then filed a notice of removal on March 21, 2011. Because defendants did not file the notice of removal within thirty days of receiving service of the amended petition, their notice of removal is untimely under 28 U.S.C. § 1446, and remand is appropriate.

**C.     Attorneys' Fees and costs**

Citi Property Holdings requests costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute does not contain a presumption either in favor of or against awarding fees, and whether to award fees under the statute is committed to the Court's discretion. Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009). The Supreme Court has held that the standard for awarding fees under this provision "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

Defendants removed this matter asserting a defense under federal Truth in Lending Act. Federal court jurisdiction is not established by a defense that raises a federal question, Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986), nor by a federal counterclaim, Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-31 (2002). However, because the defendants are proceeding *pro se*, the court will not impose attorneys fees and costs associated with the removal. See Boutrup v. Washburn, No. CIV–S–09–2678 GGH, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) (denying request for fees under § 1447(c) when *pro se* defendants incorrectly believed that a federal defense conferred federal jurisdiction; noting that defendants' *pro se* status "warrants some consideration"); Bleiberg v. Altvater, No. 01 Civ. 11507, 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002) (denying fee request under § 1447(c) "although perhaps only in light of the defendant's *pro se* status"); compare Insurance Co. of State of Pa. v. Waterfield, 371 F.Supp.2d

146, 151 (D. Conn. 2005) (granting fee request under § 1447(c) against *pro se* defendant who engaged in a "pattern" of "dilatory tactics"). Therefore, the Court denies Citi Property Holdings' request for costs and attorneys' fees.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #10) is **GRANTED**, and the matter is **REMANDED** to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana**.**

**IT IS FURTHER ORDERD** that plaintiff's incorporated motion for attorneys' fees and costs is **DENIED**.

New Orleans, Louisiana, this 20th day of May, 2011.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE